OPINION
Appellant Chad E. Bradford appeals a judgment of the Court of Common Pleas of Coshocton County, Ohio, which found he had not purged himself of contempt of court and imposed a three-day sentence. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT FAILED TO COMPLY WITH THE PURGE CONDITIONS AFTER A FINDING OF CONTEMPT.
The trial court made findings of fact and conclusions of law. The court found appellant had been ordered to pay child support for his two children, but had failed to do so. Appellant and his ex-wife, appellee Jamie L. Bradford, n.k.a. Lowe, filed a mutual consent judgment, which conceded appellant was in contempt of court and should be sentenced to three days in jail. Execution of the sentence was suspended if appellant successfully complied with certain purge conditions set forth in the consent judgment entry. The purge conditions included: 1. Appellant commit no further acts of contempt; 2. Appellant pay $100 per month against the child support arrearage which exist as of the date of the agreement; 3. Appellant pay appellee's attorney's fees within 3 months of the date of signing the consent judgment; 4. Appellant pay the court costs in this matter; 5. Appellant appear for a hearing to show cause why the three-day jail sentence should not be imposed.
The hearing was set for June 7, 1999.
The trial court's findings of fact No. 11 found the hearing that was scheduled for June 7, 1999, was continued to October 4, 1999, at appellee's request for the stated reason that she wished to give appellant further time to comply with the purge conditions. The court granted the motion for continuance. At the October hearing, CSEA records showed appellant had paid $757.22 over the 7 month period from the signing of the consent judgment through the hearing date. No one disputed appellant had paid attorney's fees and court costs in accordance with the purge conditions. Finding of Fact No. 14 stated the evidence established that appellant failed to pay the child support as previously ordered. Appellee explains the consent judgment was effective in March, and required appellant to pay his current child support, plus $100 per month against the arrearages. For the month of April, appellant's payments were less than the amount the court ordered, regardless of the fact appellant later became current with his child support payments, and his total arrearage payments came to slightly more than the trial court had ordered. Appellee urges the record clearly demonstrates appellant did not comply with the trial court's order in the month of April. For this reason, the court found appellant had failed to fully purge himself of contempt. While technically appellant had not fully complied with the purge condition as of April 30, 1999, it is equally clear by the time of the hearing, appellant was in compliance. On August 24, 1999, appellee herself moved for a continuance in order to provide appellant with further time to comply with purge conditions, and the trial court consented to the continuance. We find it is inequitable to give appellant some 7 months to purge himself of contempt, then impose sentence because he had not accomplished the purge within the first month. The purpose of this action is to compel appellant to comply with the trial court's order to support his children. The record demonstrates this goal has been accomplished.
We find the trial court erred as a matter of law in finding appellant had failed to purge. The assignment of error is sustained. For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
 ____________________ Gwin, P.J.,
Farmer, J., and Wise, J., concur